Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff,*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION FILE NO. 6:25-cv-00152-AA |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| CMRE FINANCIAL SERVICES, INC. | : : | |
| Defendant. | : : | **JURY TRIAL DEMANDED** |

## JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. P 26(f), the parties hereby submit their joint discovery plan and proposed deadlines for the Court's review and consideration:

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is September 5, 2025.

**(B)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery does not need to be completed in phases or be limited to or focused on particular issues.

**<u>Plaintiff:</u>**

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendants may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) email and other communications related to pre-recorded and any relationship with a vendor that may have made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telephonic complaints received by Defendant and its responses thereto as the Plaintiff is seeking to certify the following class:

> All persons throughout the United States (1) to whom CMRE Financial Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with CMRE Financial Services, Inc., (3) in connection with which CMRE Financial Services, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

**<u>Defendant:</u>**

Defendant similarly anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in the event Plaintiff seeks to certify a class as well as on the merits of Plaintiff's claim to prepare for summary judgment and trial.  Defendant intends to seek discovery regarding the

underlying facts outlined in Plaintiff's Complaint and his alleged damages.

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that limited electronically stored information ("ESI") will be produced in this case. The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have agreed limited ESI will be produced. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in its native form or in unitized, fixed image format (e.g., .pdf ).

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or Defendant determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach an agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or Defendant may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

3 - JOINT DISCOVERY PLAN

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

**(D) What changes should be made in the limitations on discovery imposed under the Fed. R. Civ. Pro. or by local rule, and what other limitations should be imposed.**

The parties agree there should be no changes or deviations from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(E) Proposed scheduling deadlines:**

1. Amending the Pleadings and Adding Parties: November 10, 2025
2. Initial Expert Disclosure Deadline: February 13, 2026

3. Rebuttal Expert Deadline: March, 2026

4. All discovery cutoff: April 24, 2026

5. Dispositive Motions Deadline, including Class Certification: June 26, 2026

**(F)  Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**(G)  Magistrate Judge:**

The parties do not consent to a Magistrate Judge

Respectfully submitted this 15th day of August, 2025

>*/s/ Anthony Paronich*
>Anthony Paronich
>Email:  anthony@paronichlaw.com
>PARONICH LAW, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, MA 02043
>Telephone:  (617) 485-0018
>Facsimile:  (508) 318-8100
>
>*Attorneys for Plaintiff and the Proposed Class*

Dated: August 15, 2025.                           Respectfully submitted,

5 - JOINT DISCOVERY PLAN

306755141

**FROST ECHOLS LLC**

<u>/s/ Cooper Walker</u>
COOPER M. WALKER
18383 Preston Road, Suite 350
Dallas, TX 75252
Phone: (817) 290-4356
Email: Cooper.Walker@frostechols.com
Email: Valerie.Pike@frostechols.com

***COUNSEL FOR DEFENDANT SEQUIUM CMRE FINANCIAL SERVICES, INC.***